IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HARRY E. BAILEY,                     )
                                     )
              Plaintiff,             )
                                     )
        v.                           )  Civil Action No. 03-273J
                                     )
JO ANNE B. BARNHART,                 )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
              Defendant.             )


MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of July, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently.  <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability insurance benefits on November 6, 2001, alleging disability beginning January 19, 1998, due to a back injury, heart problems and vision problems.  Plaintiff's application was denied initially.  At plaintiff's request an ALJ held a hearing on October 4, 2002, at which plaintiff, represented by counsel, appeared and testified.  On November 26, 2002, the ALJ issued a decision finding that plaintiff is not disabled.  On October 24, 2003, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger person under the regulations.  20 C.F.R. §404.1563(c).  Plaintiff has an eleventh grade education. Plaintiff has past relevant work experience as a logging contractor, a truck driver and a custodian but has not engaged in any substantial gainful activity since his alleged onset date. For purposes of plaintiff's application for Title II benefits, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired

sufficient quarters of coverage to remain insured through September 30, 2003.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disease of the thoracic and lumbar spines, degenerative joint disease of the knees, coronary artery disease, sleep apnea, bilateral carpal tunnel syndrome and a major depressive disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the light exertional level but with certain restrictions recognizing the limiting effects of his impairments.   Taking into account these limiting effects, a vocational expert identified numerous categories of jobs, both at the light and sedentary exertional levels, which plaintiff could perform based upon his age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations

dealing specifically with the evaluation of mental impairments. 20 C.F.R. §404.1520a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. <u>Plummer</u>, 186 F.2d at 432.

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ failed to consider and properly analyze all of the medical evidence, in particular that from his treating physician; (2) the ALJ failed to properly consider plaintiff's testimony and subjective complaints regarding his limitations; and (3) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations and the ALJ's decision otherwise was inconsistent with the vocational expert's testimony. The court has considered these arguments and finds each of them to be without merit.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §404.1545(a); <u>Fargnoli</u>, 247

F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions. 20 C.F.R. §404.1545(a).

Here the ALJ found that:

> [Plaintiff] retains the residual functional capacity to perform simple, routine, repetitive, low-stress tasks at the light exertional level but must not climb ladders, ropes or scaffolds, can only occasionally balance, stoop, kneel, crouch, crawl or climb ramps and stairs, is unable to perform repetitive fine, dexterous movements, and must avoid public interaction and more than occasional interaction with coworkers.

(R. 22).

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to consider all of the medical evidence in its totality as consolidated in a report by plaintiff's treating physician, Dr. Hong, who then concluded that plaintiff would have "limitations in all activities." (R. 395, 416). Plaintiff also disputes the ALJ's treatment of the medical evidence relating to his mental impairments, particularly the report of Dr. Schmidt, a consultative psychologist. Upon review the court finds that the ALJ's evaluation of the medical evidence, including the reports from Dr. Hong and Dr. Schmidt, is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight.  20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33.  Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight.  Id.  When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization.  20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence.  First, with regard to plaintiff's physical impairments and limitations, contrary to plaintiff's assertions, the record is clear that the ALJ addressed all of the medical evidence in its entirety and evaluated plaintiff's residual functional capacity in light of that evidence.  (R. 14-15, 18-19).

As to Dr. Hong's report, which actually summarized plaintiff's physical impairments in much less detail than did the ALJ's decision, the crux of plaintiff's argument is that the ALJ failed to accept Dr. Hong's conclusion that plaintiff "is in chronic pain with limitations on all activities." (R. 395, 416). Plaintiff interprets that statement as indicative of Dr. Hong's

belief that plaintiff is totally disabled.

Upon review, the court finds nothing in Dr. Hong's report supporting a finding of disability. First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon his review of the entire record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude him from performing any substantial gainful activity.

Moreover, the ALJ's residual functional capacity is not inconsistent with Dr. Hong's statement that plaintiff's pain would cause "limitations on all activities", as Dr. Hong did not specify the extent of any such limitations. Here, the ALJ's residual functional capacity finding made numerous accommodations to plaintiff's medically supportable limitations by restricting him from climbing ladders, ropes or scaffolds and to only occasional balancing, stooping, kneeling, crouching, crawling or climbing ramps and stairs, as well as acknowledging plaintiff's inability to perform fine dexterous movements. (R. 22).

Finally, even if the court were to construe Dr. Hong's report as suggesting limitations in plaintiff's ability to perform all work-related activities, such an opinion would be inconsistent with the medical evidence. As the ALJ explained, a finding of disability is contradicted by the clinical and objective medical

evidence of record, as well as with plaintiff's own reported activities of daily living. (R. 18). Thus, because any suggestion from Dr. Hong of total disability is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in giving that suggestion little weight. 20 C.F.R. §404.1527(d); SSR 96-2p.

The court also discerns no error in the ALJ's treatment of the medical evidence relating to plaintiff's mental impairments. The ALJ expressly found that plaintiff suffers from the severe impairment of major depressive disorder and accommodated this impairment by limiting plaintiff to simple, routine, repetitive, low stress tasks where he can avoid public interaction and more than occasional interaction with coworkers. (R. 22). Importantly, the ALJ explicitly addressed Dr. Schmidt's report, submitted after a one time evaluation of plaintiff, in which Dr. Schmidt concluded that plaintiff is disabled by his mental impairments. The ALJ's rationale for not according this opinion controlling weight is set forth in detail in the decision and is supported by substantial evidence in the record. (R. 20).

Likewise, the court finds no error in the ALJ's credibility determination. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In this case, the ALJ found that plaintiff's allegations regarding his limitations were not totally credible. In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §404.1529(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 17-19). As required, the ALJ considered plaintiff's testimony in light of not only the medical evidence but also the other relevant factors, such as plaintiff's daily activities, and determined that plaintiff's testimony was not totally credible. However, to the extent plaintiff's subjective testimony regarding limitations arising from his physical and mental impairments was supported by the medical and other relevant evidence, the ALJ accommodated plaintiff by the limitations expressly set forth in his residual functional capacity finding. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

Finally, plaintiff argues that the ALJ's decision is inconsistent with the testimony of the vocational expert and otherwise is predicated on a defective hypothetical. The court finds these arguments also to be without merit.

First, plaintiff's contention that the ALJ failed to present to the vocational expert a restriction based on plaintiff's inability to perform fine dexterous movements of his hands is belied by the record. To the contrary, the ALJ explicitly inquired of the vocational expert if he could comment on the manual dexterity required to perform the jobs that he previously

AO 72
(Rev. 8/82)

- 10 -

had identified.  (R. 49).  Later he asked specifically if the jobs "require fine or gross dexterity" to which the vocational expert responded that they all require gross dexterity and that "[n]one of these jobs are fine dexterity jobs."  (Id.).

Nor is the court persuaded by plaintiff's argument that the ALJ failed to incorporate references to plaintiff's chronic pain into his hypothetical to the vocational expert, specifically limitations regarding the severity of his pain and the amount of rest he requires in recovering from that pain.  As already discussed, the limitations stated in the ALJ's residual functional capacity finding are those that are supported by the objective medical evidence of record.  Any additional limitations suggested by plaintiff now could be supported only by plaintiff's subjective testimony, which the ALJ properly concluded was not totally credible.  As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating a limitation not supported by the medical evidence. See Jones, 364 F.3d at 506 (ALJ had authority to disregard a vocational expert's response to a hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.  The ALJ's findings and conclusions are supported by

substantial   evidence   and   are   not   otherwise   erroneous.
Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   William J. Remaley, Esq.
      Berger & Green
      5850 Ellsworth Avenue
      Suite 200
      Pittsburgh, PA 15232

      John J. Valkovci, Jr.
      Assistant U.S. Attorney
      224 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901